ACCEPTED
03-14-00375-CV
8216336
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/14/2015 10:21:04 AM
JEFFREY D. KYLE
CLERK

No. 03-14-00375-CV

# In the Court of Appeals
# for the Third Judicial District
# Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/14/2015 10:21:04 AM
JEFFREY D. KYLE
Clerk

AUSPRO ENTERPRISES, LP,
*Appellant*,
v.
TEXAS DEPARTMENT OF TRANSPORTATION,
*Appellee*.

On Appeal from the
345th Judicial District Court of Travis County, Texas

**REPLY IN SUPPORT OF MOTION FOR LEAVE
TO FILE APPELLEE'S POST-SUBMISSION BRIEF**

TO THE HONORABLE THIRD COURT OF APPEALS:

Nothing in AusPro's response to the Department's motion for leave detracts from the propriety of granting leave to file a post-submission brief. The Department wishes to make a few quick points in reply.

## I.

Of all the new issues raised at argument or in AusPro's reply brief, AusPro addresses only three in its response to the Department's motion for leave. Each is the proper subject of post-submission briefing.

*First*, as to the remedy of excising the time limit in the election-speech exemption, TEX. TRANSP. CODE § 391.005, AusPro states that it is "incorrect[] that AusPro agreed with th[at] proposed remedy raised by the Court." Resp. 3. The Court therefore should not consider that remedy, let alone impose it. In any event, AusPro concedes that this issue was raised for the first time at argument (albeit by the Court, as the Department acknowledged). Therefore, regardless of AusPro's written disclaimer of that remedy in its response, it is entirely appropriate for the Department to submit a post-submission brief arguing at least that the remedy is waived by that disclaimer, if not also by its omission from AusPro's briefing, (and perhaps also to give the Court comfort that, by treating this issue as waived, the Court is not disregarding an argument with any merit).

*Second*, as to severability, AusPro incorrectly asserts that oral argument was the first time the Department contended "that severability was not at issue in *Reed* [*v. Town of Gilbert*, 135 S. Ct. 2218 (2015)]." Resp. 3. In fact, the Department's supplemental brief clearly stated that "*Reed* did not consider severability." Dep't Supp. Br. 16 n.8. Moreover, AusPro does not deny that its supplemental briefing conceded that severability applies yet that its counsel stated just the opposite at oral argument. Again, post-submission briefing is warranted to address that about-face.

*Third*, as to other exemptions in the Act, here AusPro does claim (erroneously) that its opening and initial supplemental brief challenged those exemptions (citing one conclusory assertion). *See* Resp. 3. Yet AusPro does not dispute that it conceded the constitutionality of multiple exemptions in its briefing but nonetheless stated at oral

2

argument that *all* other content-based exemptions violate strict scrutiny. *Id.* This reversal, too, warrants post-submission briefing.

## II.

AusPro presents a misleading picture of the Department's post-submission brief by quoting out of context only a few words from various sentences in that brief that mention AusPro's own briefing. Resp. 2. The motion for leave's justification—elaborated on in the post-submission brief—is that numerous points at oral argument had either not been briefed at all or were explicitly contradicted by AusPro's briefing. Accordingly, it's no surprise that the post-submission brief discussed what AusPro's briefing both did and did not say. There would be no other way to argue, for instance, that AusPro failed to preserve issues or that AusPro's briefing concessions support the Department's position regarding these newly raised issues.

## III.

Finally, AusPro's complaint that the Department could have sought leave to file a sur-reply misses the mark. For one thing, that is no answer to the new points raised at oral argument. Regardless, the Department would have had to file this same type of motion in order to file a sur-reply, and AusPro's suggestion regarding that option does not undermine the Department's position that AusPro raised new issues in its reply brief, to which the Department had no right to respond under the appellate rules. Moreover, the fact that AusPro's response did not show or even attempt (with the one exception noted above) to point out where its opening brief raised these issues belies

its assertion that "this case has been fully briefed." Resp. 1. The motion for leave should be granted.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

SCOTT A. KELLER
Solicitor General

/s/ Douglas D. Geyser
DOUGLAS D. GEYSER
Assistant Solicitor General
State Bar No. 24059817

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-2540
Fax: (512) 474-2697
douglas.geyser@texasattorneygeneral.gov

COUNSEL FOR APPELLEE TEXAS DEPARTMENT
    OF TRANSPORTATION

4

## CERTIFICATE OF SERVICE

On December 14, 2015, this motion was served via File & ServeXpress and e-mail on:

Meredith B. Parenti
PARENTI LAW PLLC
P.O. Box 19152
Houston, Texas 77224
[Tel] (281) 224-5848
[Fax] (281) 605-5677
meredith@parentilaw.com

/s/  Douglas D. Geyser
Douglas D. Geyser
*Counsel for Appellee*